IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

HDI GLOBAL SPECIALTY SE F/K/A
INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE,

    CASE NO. _____

    Plaintiff,

v.

COLONY INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff HDI Global Specialty SE f/k/a International Insurance Company of Hannover SE ("HGS"), by and through undersigned counsel, files this Complaint against Defendant Colony Insurance Company ("Colony").

## PARTIES

1. HGS is, and at all times herein was, a foreign company with its principal place of business located in Hanover, Germany and conducts business and issues insurance policies throughout Florida, including within Palm Beach County.

2. Colony is, and at all times herein was, an insurance company and/or corporation organized or existing under the laws of Virginia and conducts business and issues insurance policies throughout Florida, including within Palm Beach County.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over HGS's claims because HGS seeks legal and equitable relief, and the amount in controversy exceeds $50,000.00, exclusive of interest, costs, and attorney's fees.

56076105 v1

4. The Court has personal jurisdiction over Colony because, *inter alia*, Colony operates, conducts, engages in, and carries on business in Florida, including Palm Beach County, and Colony contracts to insure persons, property, and/or risk located within Florida, including Palm Beach County.

5. Venue is appropriate in Palm Beach County because HGS's causes of action accrued in Palm Beach County.

6. All conditions precedent and necessary to bring this action either have been performed, have occurred, have been waived, or have otherwise been excused.

## GENERAL ALLEGATIONS

7. This is an action for breach of equitable contribution brought by HGS, a primary insurance carrier, against Colony, a co-primary insurance carrier, related to Colony's refusal to equally split with HGS an indemnity payment made on behalf of mutual insured, SHP General Contractor, LLC ("SHP"), to resolve the claims against SHP in the matter of *Marathon Ocean Housing, LLC v. Champion Homes Builders, Inc., et al.*, Palm Beach County Circuit Court, Case No. 50-2019-CA-002974-XXXX-MB (the "Underlying Action").

8. The Underlying Action asserted claims that SHP was liable for faulty construction work performed on the development project known as "Tarpon Harbor" and that SHP negligently failed to complete and perform work on the project in the matter consistent with the care and/or skill exercised by the members of the construction industry.

9. HGS issued to SHP commercial general liability coverage.

10. Colony also issued to SHP commercial general liability coverage.

11. Based on the allegations set forth in the Underlying Action, SHP filed a claim for coverage under both the HGS and Colony policies.

12. HGS and Colony both agreed (1) to provide a defense under their respective policies to SHP for the Underlying Action under a reservation of rights and (2) to equally split the fees associated with the defense of SHP.

13. Colony was also obligated to provide a defense and indemnity to SHP under its coverage.

14. The parties to the Underlying Action mediated the matter, and both representatives from HGS and Colony were both present at the mediation.

15. Prior to mediation, Colony agreed that HGS and Colony would each contribute 50% to the indemnity payment made to settle the case on behalf of SHP up to $400,000.

16. During the mediation, it developed that in order to protect SHP, as the mutual insured, HGS and Colony would need to contribute $600,000 to resolve the claim.

17. Colony refused to offer any more than $200,000 to protect its insured, SHP, and HGS was forced to inequitably contribute $400,000 to protect mutually insured SHP.

18. The Underlying Action ultimately settled for a total of $600,000 with HGS being forced to inequitably contribute $400,000 in indemnity payments and Colony only contributing $200,000 in indemnity payments to settle the case on behalf of SHP, in derogation of HGS and Colony's obligations to SHP.

<strong><u>COUNT ONE</u></strong><br><strong>(Equitable Contribution)</strong>

19. HGS adopts and incorporate by reference Paragraphs 1 through 18 as if fully set forth herein.

20. Under Florida law, "equitable contribution is available where the parties share a 'common burden,' or 'common liability.'" *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 248 F. Supp. 3d 1268, 1276 (M.D. Fla. 2017). "In order to find that two insurers share a common obligation, 'it

is not necessary that the policies provide identical coverage in all respects in order for . . . each insurer [to be] entitled to contribution from the other; as long as the particular risk actually involved in the case is covered by both policies, the coverage is duplicate, and contribution will be allowed.'" *Id.*

21. "The equitable contribution principle attempts to distribute equally among those who have a common obligation, the burden of performing that obligation." *Collection and Recovery of Assets v. Patel*, 276 So. 3d 494 (Fla. 5th DCA 2019) (*Fletcher v. Anderson*, 616 So. 2d 1201, 1202 (Fla. 2d DCA 1993)).

22. "The doctrine of equitable contribution is applied to prevent one of two, or more, joint obligors being required to pay more than his share of a common burden, or to prevent one obligor from being unjustly benefited or enriched at the expense of another." *Lopez v. Lopez*, 90 So. 2d 456, 458 (Fla. 1956).

23. Here, the Underlying Action asserted claims that SHP was liable for faulty construction work performed under the development project known as "Tarpon Harbor" and that SHP negligently failed to complete and perform work on the project in the matter consistent with the care and skill or exercised by the members of the construction industry

24. Both the HGS and Colony policies equally provided coverage to SHP for liability arising from this particular risk.

25. Thus, HGS and Colony were each obligated to contribute 50% to any settlement or judgment against SHP arising from this particular risk.

26. However, Colony refused to contribute 50% to the settlement payment made on behalf of SHP to the plaintiff in the Underlying Action and only contributed $200,000.

27. HGS was forced to inequitably contribute $400,000 of the settlement payment made on behalf of SHP to the plaintiff in the Underlying Action.

28. In the settlement agreement between the parties in the Underlying Action, HGS expressly reserved its rights to pursue other insurers of SHP, including Colony, for contribution.

29. As a matter of equitable contribution, Colony must compensate HGS for the $100,000 of the settlement payment that HGS was forced to inequitably contribute for Colony on behalf of SHP to resolve the Underlying Action.

WHEREFORE, HGS prays this Honorable Court enter a judgment against Colony and award HGS its damages and pre- and post-judgment interest, and for such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted this 24th day of March, 2025.

/s/ *Andrew T. Sarangoulis, Esq.*
Andrew T. Sarangoulis, Esq. (Fla. Bar No. 1002608)
**BURR & FORMAN, LLP**
200 E. Broward Blvd., Suite 1020
Fort Lauderdale, FL 33301
T: (954) 414-6222 F: (954) 414-6201
Primary Email: asarangoulis@burr.com
Secondary Email: elisalopez@burr.com
*Counsel for Plaintiff*